UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-02351-SVW-SK | | Date | April 14, 2026 |
|---|---|---|---|---|
| Title | *Michael Bui v. Ben Elliot et al* | | | |

## JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**     ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [14]; AND DENYING DEFENDANTS' MOTION TO DISMISS [2]

### I.      Introduction

Before the Court are Plaintiff Michael Bui's motion to remand and Defendants Quintessentially Entities'[1] motion to dismiss. ECF Nos. 2, 14. For the following reasons, Plaintiff's motion to remand is GRANTED and Defendants' motion to dismiss is DENIED.

### II.     Background

Plaintiff filed this action in April 2025 in Orange County Superior Court. *See* Notice of Removal, ECF No. 1. In essence, Plaintiff alleges that the Quintessentially Entities and a number of its agents are (1) complicit in money laundering and tax fraud schemes; and (2) promoting a hostile and oppressive

---

[1] Defendants "Quintessentially Entities" include Quintessentially (UK) Limited; Quintessentially Retail Limited; Quintessentially Aviation Limited; Quintessentially Covered Limited; Quintessentially Gifts Limited; Quintessentially Education Limited; Lifestyle Concierge Management Limited; Quintessentially Communications Limited; Q Worldwide Limited; C.J. Leigh (Holdings) Limited; Quintessentially Villas Limited; Quintessentially Media Limited; Quintessentially Driven Limited; Quintessentially & Co. Limited; and Quintessentially Travel Limited.

:

| | |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-02351-SVW-SK | Date | April 14, 2026 |
|---|---|---|---|

| Title | *Michael Bui v. Ben Elliot et al* |
|---|---|

# JS-6

work culture. *See* First Amended Complaint ("FAC"), ECF No. 1-2. Plaintiff's first amended complaint alleges causes of action for: (1) violation of the Unruh Civil Rights Act; (2) hostile work environment; (3) failure to prevent discrimination, harassment, or retaliation; (4) whistleblower protection; (5) retaliation; (6) wrongful termination; (7) negligence; (8) accounting; and (9) forgery by false signature. *Id.*

Defendants removed the case to this Court on October 16, 2025. *Id.* They then moved to dismiss the case on October 23, 2025. ECF No. 2. Plaintiff moved to remand on November 14, 2025. ECF No. 14. The Court held a hearing on the motions on January 5, 2026. ECF No. 31.

### III.   Legal Standard

"Federal courts are courts of limited jurisdiction . . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As such, a federal court can only exercise jurisdiction over actions where a federal question exists, or where there is (1) complete diversity of citizenship between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1441(a), "a defendant may remove any action filed in state court if a federal district court would have had original jurisdiction." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2021). The Ninth Circuit strictly construes the removal statute against removal, and jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1997). Accordingly, there is a strong presumption against removal jurisdiction that results in the defendant shouldering the burden of establishing that removal is proper. *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir.1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988)).

### IV.   Discussion

#### A.  Remand

:

| | Initials of Preparer | DT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-02351-SVW-SK | Date | April 14, 2026 |
|---|---|---|---|

| Title | *Michael Bui v. Ben Elliot et al* |
|---|---|

# JS-6

### i.    Fraudulent Joinder

The Quintessentially Entities removed this case by invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). ECF No. 1. Diversity jurisdiction requires that the removing party demonstrate that there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)-(a)(1).

Jurisdiction here turns on the question of complete diversity. For there to be complete diversity, "each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Here, the parties do not dispute that Plaintiff is a citizen of California and Defendant Jon Goss is a citizen of California. *See* FAC ¶¶ 1, 13. Accordingly, assuming all defendants were properly named, there is no complete diversity in this case—both Plaintiff and Goss are citizens of California.

But this facial lack of diversity does not end the Court's analysis. This is because "[i]n determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare*, 889 F.3d at 548. That is exactly what the Quintessentially Entities contend here: that Goss is a fraudulently joined defendant such that his California citizenship does not undermine complete diversity.

The Court thus turns to the question central to Plaintiff's remand motion: is Goss a fraudulently joined defendant? "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability to establish a cause of action against the non-diverse party in state court." *Id.* at 548. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). To make this showing, "[t]he defendant seeking removal to federal court is entitled to present facts showing the joinder to be fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

:

Initials of Preparer                              DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-02351-SVW-SK | Date | April 14, 2026 |
|---|---|---|---|

| Title | *Michael Bui v. Ben Elliot et al* |
|---|---|

# JS-6

The Quintessentially Entities argue that Goss is fraudulently joined under the second prong: that Plaintiff cannot establish a cause of action against him. Making this showing requires proving "that an individual joined in the action cannot be liable on any theory." *Grancare, LLC*, 889 F.3d at 548. "[I]f there is [even] a *possibility* that a state court would find the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Id.* (emphasis in original). Indeed, the inability to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Systems v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002). These high standards reflect the principle that "a defendant invoking federal diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding fraudulent joinder." *Grancare, LLC*, 889 F.3d at 548. (quotations omitted) (cleaned up).

The Quintessentially Entities contend Plaintiff cannot state a claim against Goss because Goss has not been employed by any of the Quintessentially Entities since 2017, meaning Plaintiff's claims against him are barred by the applicable statutes of limitations. *See* ECF No. 20 at 10. The Quintessentially Entities filed numerous affidavits, including from Goss himself, attesting to the fact that he worked for Defendant Quintessentially UK Limited from 2010 to 2014 and non-Defendant Quintessentially, Inc. (doing business as Quintessentially USA) from 2014 to 2017. ECF Nos. 32, 33, and 37-2. The affidavits indicate Goss did not work for any of the other Quintessentially entities that are defendants in this case. *Id.*

However, the question of when Goss last worked for one of the Quintessentially Entities has no bearing on the fact that Plaintiff pleads that *he was an employee of Goss himself*. FAC ¶ 7 ("Plaintiff was an employee of . . . QUINTESSENTIALLY EMPLOYER AGENTS."); FAC ¶ 19 (Goss and ten other individuals "are collectively referred to as the 'QUINTESSENTIALLY EMPLOYER AGENTS.'"). Although Goss contends Plaintiff never worked for him, Plaintiff attests to the opposite. *See* ECF No. 26-1 (Plaintiff "reported to Goss periodically throughout [his] employment and worked directly under Goss in a Los Angeles Quintessentially office he managed."). As much as the Court would prefer to resolve this factual dispute itself, such an endeavor would be inappropriate under a fraudulent joinder analysis. *See Allen v. Boeing Co.*, 784 F.3d 625, 634 (9th Cir. 2015) ("A summary inquiry is appropriate only to identify

:

| Initials of Preparer | DT |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-02351-SVW-SK | Date | April 14, 2026 |
|---|---|---|---|
| Title | *Michael Bui v. Ben Elliot et al* | | |

# JS-6

the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. The inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." (cleaned up)); *Kalawe v. KFC Nat. Mgmt. Co.*, 1991 WL 338566, at *2 (D. Haw. July 16, 1991) ("A party is deemed to have been joined 'fraudulently' if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101 (5th Cir.1990))); *McBee v. Raytheon Techs. Inc.*, 2024 WL 182282, at *4 (C.D. Cal. Jan. 16, 2024) ("[T]he Ninth Circuit has explained that the fraudulent joinder inquiry should not turn on the resolution of complex factual disputes." (citing *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987))).

Accordingly, given it is not "obvious according to the well-settled rules" of California that Plaintiff cannot possibly state an employment-related claim against Goss, we conclude that joinder was proper and remand the case to state court. *See Grancare, LLC*, 889 F.3d at 549.

### B.  Motion to Dismiss

Because the Court is granting Plaintiff's motion to remand, it need not consider Defendants' motion to dismiss.

## V.      Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand. Defendants' motion to dismiss is DENIED as moot.

**IT IS SO ORDERED.**

:

|  | Initials of Preparer | DT |
|---|---|---|